In the Matter of the Application of FRED F. KNAISCH and Others, Appellants, for the Appointment of Appraisers to Appraise the Value of Their Stock in the EAST CONCORD FARM PRODUCTS COMPANY, INC., Respondent.

Fourth Department, December 8, 1922.

Corporations — proceeding under Stock Corporation Law, § 17, to have stock appraised — corporation organized to manufacture milk products leased plant for one year to another corporation engaged in same business — certificate of incorporation granted power to lease — consent of stockholders to lease not required under Stock Corporation Law, § 16 — lease did not deprive corporation of good will or franchises — stockholder not entitled to have stock appraised.

The consent of stockholders of a corporation, which was organized to manufacture milk products, is not required, under section 16 of the Stock Corporation Law, to make valid a lease by the corporation of its plant for the period of one year to another corporation engaged in the same business.

A stockholder of the lessee corporation is not entitled to have his stock appraised under section 17 of the Stock Corporation Law, since his corporation was given express power by its certificate of incorporation to lease its property, and, furthermore, the effect of the lease was not to transfer any part of the good will or franchises of the corporation.

APPEAL by the petitioners, Fred F. Knaisch and others, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 14th day of August, 1922, denying their application for the appraisal of the value of their stock in the respondent, and also denying their application for an order requiring the respondent to pay them the value of their stock as so appraised.

*Stanley & Gidley* [*Ray M. Stanley* of counsel], for the appellants.

*Kellogg, Babcock & Sullivan* [*Philip A. Sullivan* of counsel], for the respondent.

Hubbs, J.:

The corporation involved in this proceeding was organized in 1918. The certificate of incorporation covers a great many things. It is quite apparent that the real purpose of the corporation was to build a plant for the manufacture of milk products. One of its purposes, as provided in its certificate of incorporation, was: " To buy, sell, deal in, lease, hold or improve real estate."

The Dairymen's League Co-operative Association, Incorporated, is engaged in the manufacture and sale of milk products. The East Concord corporation operated its plant for a year or two and then leased it to the Dairymen's League for the year ending in April, 1922. Thereafter it executed another lease for the year ending in April, 1923. An action was brought by the parties who are the petitioners in this proceeding to restrain the corporation from leasing its plant and to cancel the proposed lease. A motion was made for a temporary injunction, and the justice presiding at Special Term suggested that the consent of the stockholders should be obtained. The hearing of the motion was adjourned and the board of directors proceeded to call a meeting of the stockholders at which meeting over two-thirds of the stockholders voted in favor of the lease, 826 shares being in favor and 320 shares being opposed. The 320 shares are owned by the petitioners in this proceeding. After the meeting of the stockholders, the petitioners herein served a notice, under section 17 of the Stock Corporation Law, requiring the appointment of appraisers for the purpose of appraising the value of the petitioners' stock and requiring the corporation to pay the amount of such appraisal. They thereafter applied to the Supreme Court for an order requiring such appraisal. The Special Term denied the motion and the petitioners have appealed to this court.

The contention of the petitioners is that sections 16 and 17 of the Stock Corporation Law require the granting of the motion. Section 16 (as amd. by Laws of 1920, chap. 396) provides, in part, as follows: "A stock corporation, * * * with the consent of two-thirds of its stock, may sell and convey its property, rights, privileges and franchises, or any interest therein or any part thereof to a domestic corporation, engaged in a business of the same general character."

It is undoubtedly the law that a sale by a domestic corporation of its business, assets and property, including its good will, in

pursuance of section 16, entitles the dissenting stockholders to an order under section 17 for the appraisal of their stock. The petitioners contend that they are in that position and that it was error to deny them that right. Their principal reliance is upon the cases of *Matter of Timmis* (200 N. Y. 177) and *Matter of Drosnes* (187 App. Div. 425). Before discussing those cases, however, it would be well to have in mind the exact position of the parties to this proceeding.

The primary purpose of the organization of the corporation was to secure a market for the milk of the farmers living in that community. The petitioners are not in the position of stockholders in an ordinary business or manufacturing corporation. Their purpose was to secure a factory to which they could draw their milk and they entered into a co-operative arrangement by which they took stock in this corporation and it built a plant for that purpose. In the certificate of incorporation it was provided that the plant might be leased. After the plant had been operated for a couple of years it seemed to more than two-thirds of the stockholders that it was advisable to have it operated by the Dairymen's League and the plant was leased to that corporation. It appears that it was operated by the league, so that the parties who organized the corporation and own the stock thereof have the benefit of a local milk products factory. Undoubtedly that was the real purpose which they had in view when they organized the corporation.

In the *Timmis* case the corporation was engaged in the business of lithographing and printing. Two-thirds of the holders of the capital stock authorized the board of directors to sell the good will, business, assets and property of its calendar department. A certain stockholder objected and it was held that he was entitled to have his stock appraised, and that the facts brought the case within sections 16 and 17 aforesaid. In the opinion it was said: "By the sale of the good will the corporation would be prevented from ever engaging in that kind of business again, and while not in form a sale of its franchise to that extent, it would be in effect, because it could no longer exercise its franchise to make and sell calendars. One of the powers conferred by the charter would thus be parted with, and the right to carry on a line of business authorized by the law of its being would be permanently gone." It was held that such a sale could not be made without complying with section 16 and that by resorting to that section the corporation opened the door for the respondent to demand his right to an appraisal under section 17.

In the case at bar there is an entirely different situation. The corporation leased its plant for one year for the purpose of having

it operated by a larger corporation engaged in the same kind of business. It did not sell its plant, the good will of the business, or its franchise. It did not deprive itself of the power to carry on the same business at the expiration of the lease. Contrary to the provisions of the charter under consideration in the *Timmis* case, the charter of the corporation in the case at bar provided expressly that it might lease its property.

In *Matter of Drosnes* there was a sale of all the personal property of a moving picture corporation, which was organized to operate and conduct a moving picture or amusement business and which did conduct one place of amusement. It owned the personal property necessary to conduct that business. It had erected a building upon real property which it had leased. Proceedings were taken under section 16 to sell all the personal property, including the building, and to lease the ground to another corporation. A minority stockholder objected and it was held that she was entitled to an appraisal of her stock under section 17. It will be noted that the certificate of incorporation in that case did not provide that the corporation might lease its property. The opinion calls attention to that fact and states that the corporation was not created for the purpose of erecting buildings and leasing the same, that its purpose was to operate and conduct a place of amusement and that the sale stripped it of all the corporate property required to carry out the purposes for which it was organized. I do not think that either of those cases is in point. Neither do I think that it was necessary to call a meeting of the stockholders under section 16 to authorize the lease, and I do not think that the giving of the lease deprived the corporation of any part of its good will or franchises. The giving of the lease was, in the judgment of the board of directors and of more than two-thirds of the stockholders, advisable for the purpose of promoting the best interests of those who organized and owned the stock of the corporation by furnishing them a place where they could dispose of their milk at the best advantage.

I think that the Special Term reached the right conclusion and that the order should be affirmed.

All concur.

Order affirmed, with ten dollars costs and disbursements.